UNITED STATES of America, Plaintiff–Appellee,

v.

Juan CRUZ–ENRIQUEZ, Defendant–Appellant.

No. 08–3050.

United States Court of Appeals, Seventh Circuit.

Submitted June 23, 2009.

Decided June 29, 2009.

Edmond Chang, Attorney, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Charles J. Aron, Attorney, Chicago, IL, for Defendant–Appellant.

Before RICHARD D. CUDAHY, Circuit Judge, RICHARD A. POSNER, Circuit Judge and TERENCE T. EVANS, Circuit Judge.

## ORDER

Juan Cruz–Enriquez pleaded guilty to conspiracy to possess with intent to distribute in excess of one kilogram of heroin. *See* 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Cruz–Enriquez to the mandatory-minimum 120 months of imprisonment. Cruz–Enriquez filed a timely notice of appeal, and his attorney has moved to withdraw because he cannot discern a nonfrivolous argument. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Cruz–Enriquez has not responded to counsel's brief, *see* CIR. R. 51(b), so our review is limited to the potential issues outlined in counsel's brief.

Cruz–Enriquez told counsel that he wants to set aside his guilty plea, so counsel first examines whether Cruz–Enriquez could challenge the voluntariness of this plea or the adequacy of his plea colloquy. *See* FED.R.CRIM.P. 11. Cruz–Enriquez did not move to withdraw his plea in the district court, so our review would be for plain error. *See United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); *United States v. Griffin,* 521 F.3d 727, 730 (7th Cir.2008).

■ Counsel identifies a single potential error in the Rule 11 colloquy: the district court did not advise Cruz–Enriquez that he could be subject to restitution or any applicable forfeiture. *See* FED.R.CRIM.P. 11(b)(1). But Cruz–Enriquez's substantial rights were not affected by the omission, because no restitution or forfeiture was ordered. *See* Fed.R.Crim.P. 11(h); *Griffin,* 521 F.3d at 730; *United States v. Schuh,* 289 F.3d 968, 975 (7th Cir.2002).

■ Counsel also considers whether Cruz–Enriquez's sentence could be challenged as being unreasonable, in violation of law, or a result of an improper application of the sentencing guidelines. But

Cruz–Enriquez received the statutory-minimum sentence of 120 months, *see* 21 U.S.C. § 841(a)(1), and any challenge to his sentence on these bases would therefore be frivolous. *See United States v. Duncan,* 479 F.3d 924, 930 (7th Cir.2007).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.